**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **James Bourlier**, individually, and on behalf of all others similarly situated, | No. _____ |
| Plaintiff, | **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |
| v. | |
| **TYC, LLC**, an Arizona Limited Liability Company; **Dakota Scottsdale LLC**, an Arizona Limited Liability Company, **Scottsdale Beach Club, LLC**, an Arizona Limited Liability Company; **Triyar Beach Club LLC**, an Arizona Limited Liability Company; **Triyar Entertainment Scottsdale I LLC**, an Arizona Limited Liability Company; **Shawn Yari and Jane Doe Yari**, a Married Couple; **Steven Yari and Jane Doe Yari**, a Married Couple; and **Bob Agahl and Jane Doe Agahl**, a Married Couple, | **(Demand for Jury Trial)** |
| Defendants. | |

Plaintiff, James Bourlier ("Plaintiff"), individually, and on behalf of all other

persons similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action on behalf of himself and all similarly-situated

current and former servers and bartenders of Defendants who were compensated at a rate

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

of less than the applicable Arizona and federal minimum wage on account of receiving tips in a given workweek.

2. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants[1] for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages, improperly withheld tips, and unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4. The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5. This is an action for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. Under the FLSA, employers must pay all non-exempt

---

[1] All Defendants to this action are collectively referred to as either "Triyar" or "Defendants" unless specified otherwise.

employees an overtime premium of at least one and one-half times their regular rate of pay for all time spent working in excess of 40 hours in a given workweek.

7.     The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

8.     Under the FLSA, employers must inform their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations in order to be able to take a tip credit with respect to their employees' wages.

9.     In addition to informing their tipped employees of 29 U.S.C. § 203(m) and its supporting regulations, employers must allow their tipped employees to retain all tips earned, except to the extent that they require the tipped employees to participate in a valid tip pooling arrangement.  A valid tip pooling arrangement includes only employees who customarily and regularly receive tips.

10.     The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA.  *See* 29 U.S.C. § 218(a).  Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour.  *See Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015).

11.     For example, the Arizona minimum wage in 2014 was $7.90.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip

credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $4.90.

12.     For example, the Arizona minimum wage in 2015 was $8.05.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

13.     For example, the Arizona minimum wage in 2016 was $8.05.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

14.     For example, the Arizona minimum wage in 2017 was $10.00.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $7.00.

15.     For example, the Arizona minimum wage is currently $10.50 in 2017.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $7.00.

16.     Defendants imposed a tip credit upon all of their servers and bartenders, including Plaintiff and the Collective Members.

17.     Defendants engaged in the regular policy and practice of not allowing Plaintiff and the Collective Members to retain all tips they received.  Specifically, Defendants subjected Plaintiff and the Collective Members to their policy and practice of

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as salaried managers and upper management, in violation of 29 U.S.C. § 203(m).

18.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's and Collective Members' wages.

19.     Defendants did not notify Plaintiff, or any of the Collective Members, of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 before imposing a tip credit on their wages.

20.     Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206, and were precluded from exercising a tip credit against Plaintiff's and Collective Members' wages.

21.     Throughout Plaintiff's and the Collective Members' employment, the Defendants engaged in the practice of willfully failing to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours that they worked in excess of 40 hours per week.

22.     As a result of Defendants' willful failure to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendants paid Plaintiff and the Collective Members less than the applicable overtime wage rate for such work that they performed in excess of 40 hours per workweek.

23.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

24.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours per workweek would violate federal and state law, and Defendants were aware of FLSA overtime requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

25.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one-and-one-half times his regular rate of pay for all time worked in excess of 40 hours per workweek.

26.     As a result, Defendants owe Plaintiff and the Collective Members one and one-half times the full minimum wage for all hours worked in excess of 40 hours per week.

## JURISDICTION AND VENUE

27.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

## PARTIES

29.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

31.     At all material times, Plaintiff was a full-time, non-exempt employee of Defendants who worked at Defendants' "Dakota" restaurant location, located at 7301 E. Indian Plaza, Scottsdale, AZ 85251 from approximately April 1, 2013 through approximately September 6, 2017.

32.     At all material times, Plaintiff was employed by Defendants and paid as a tipped employee.  Defendants employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work required of him by Defendants.

33.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

34.     Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

35.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former tipped employees of Defendants, including but not limited to servers and bartenders who agree in writing to join this action seeking recovery under the FLSA.

36.     Plaintiff brings this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, servers

and bartenders whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage.

37.     Defendant TYC, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

38.     At all relevant times, Defendant TYC, LLC owned and operated as Dakota, a full-service restaurant and bar located at 7301 East Indian Plaza, Scottsdale, AZ 85251.

39.     Under the FLSA, Defendant TYC, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant TYC, LLC is the owner of Dakota.  At all relevant times, Defendant TYC, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Dakota.  Having acted in the interest of TYC, LLC in relation to the company's employees, including Plaintiff, Defendant TYC, LLC is subject to liability under the FLSA.

40.     Defendant Dakota Scottsdale LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

41.     At all relevant times, Defendant Dakota Scottsdale LLC owned and operated as Dakota, a full-service restaurant and bar located at 7301 East Indian Plaza, Scottsdale, AZ 85251.

42.     Under the FLSA, Defendant Dakota Scottsdale LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Dakota Scottsdale LLC is the owner of Dakota.  At all relevant times, Defendant Dakota Scottsdale LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Dakota.  Having acted in the interest of Dakota Scottsdale LLC in relation to the company's employees, including Plaintiff, Defendant Dakota Scottsdale LLC is subject to liability under the FLSA.

43.     Defendant Scottsdale Beach Club LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

44.     At all relevant times, Defendant Scottsdale Beach Club LLC owned and operated as Maya Day + Nightclub, a full-service restaurant and bar located at 7333 East Indian Plaza, Scottsdale, AZ 85251.

45.     Under the FLSA, Defendant Scottsdale Beach Club LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Scottsdale Beach Club LLC is the owner of Maya Day + Nightclub.  At all relevant times, Defendant Scottsdale Beach Club LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

-9-

and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Maya Day + Nightclub. Having acted in the interest of Scottsdale Beach Club LLC in relation to the company's employees, including Plaintiff, Defendant Scottsdale Beach Club LLC is subject to liability under the FLSA.

46.     Defendant Triyar Beach Club LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

47.     At all relevant times, Defendant Triyar Beach Club LLC owned and operated as Maya Day + Nightclub, a full-service restaurant and bar located at 7333 East Indian Plaza, Scottsdale, AZ 85251.

48.     Under the FLSA, Defendant Triyar Beach Club LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Triyar Beach Club LLC is the owner of Maya Day + Nightclub. At all relevant times, Defendant Triyar Beach Club LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Maya Day + Nightclub. Having acted in the interest of Triyar Beach Club LLC in relation to the company's employees, including Plaintiff, Defendant Triyar Beach Club LLC is subject to liability under the FLSA.

49.     Defendant Triyar Entertainment Scottsdale I LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all

relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

50.     At all relevant times, Defendant Triyar Entertainment Scottsdale I LLC owned and operated as Shade at the W, a full-service restaurant and bar located at 7333 East Indian Plaza, Scottsdale, AZ 85251.

51.     Under the FLSA, Defendant Triyar Entertainment Scottsdale I LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Triyar Entertainment Scottsdale I LLC is the owner of Shade at the W.  At all relevant times, Defendant Triyar Entertainment Scottsdale I LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Shade at the W.  Having acted in the interest of Triyar Entertainment Scottsdale I LLC in relation to the company's employees, including Plaintiff, Defendant Triyar Entertainment Scottsdale I LLC is subject to liability under the FLSA.

52.     Defendant Triyar Entertainment LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by the FLSA, 29 U.S.C. § 203(d).

53.     At all relevant times, Defendant Triyar Entertainment LLC owned and operated as Triyar Entertainment Group, a company that owns and operates the Triyar

Entertainment concepts, Dakota, Maya Day + Nightclub, The District, and Shade at the W.

54.     Under the FLSA, Defendant Triyar Entertainment LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Triyar Entertainment LLC is the owner of Dakota, Maya Day + Nightclub, The District, and Shade at the W.  At all relevant times, Defendant Triyar Entertainment LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Dakota, Maya Day + Nightclub, The District, and Shade at the W.  Having acted in the interest of Triyar Entertainment LLC in relation to the company's employees, including Plaintiff, Defendant Triyar Entertainment LLC is subject to liability under the FLSA.

55.     Defendants Shawn Yari and Jane Doe Yari are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Shawn Yari is an owner of Defendants, including TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC, and was at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Yari is an owner of Defendants.

56.     Under the FLSA, Defendants Shawn Yari and Jane Doe Yari are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Shawn Yari and Jane

-12-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Doe Yaro are owners of Defendants. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Shawn Yari and Jane Doe Yari are subject to individual liability under the FLSA.

57.     Defendants Steven Yari and Jane Doe Yari II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Steven Yari is an owner of Defendants, including TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC, and was at all relevant times Plaintiff's and Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Yari II is an owner of Defendants.

58.     Under the FLSA, Defendants Steven Yari and Jane Doe Yari II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Steven Yari and Jane Doe Yari II are the owners of Defendants. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Steven Yari and Jane Doe Yari II are subject to individual liability under the FLSA.

59.     Defendants Bob Agahl and Jane Doe Agahl are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Bob Agahl is an owner of Defendants, including TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC, and was at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Agahl is an owner of Defendants.

60.     Under the FLSA, Defendants Bob Agahl and Jane Doe Agahl are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Bob Agahl and Jane Doe Agahl are owners of Defendants. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Bob Agahl and Jane Doe Agahl are subject to individual liability under the FLSA.

61.     At all relevant times, Defendants Shawn Yari and Jane Doe Yari owned and operated as TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC.

62.     At all relevant times, Defendants Steven Yari and Jane Doe Yari II owned and operated as TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC.

-14-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

63.     At all relevant times, Defendants Bob Agahl and Jane Doe Agahl owned and operated as TYC, LLC, Dakota Scottsdale, LLC, Scottsdale Beach Club, LLC, Triyar Beach Club, LLC, and Triyar Entertainment Scottsdale I, LLC.

64.     Plaintiff is further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

65.     Defendants, and each of them, are sued in both their individual and corporate capacities.

66.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

67.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

68.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

69.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

70.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

71.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

72.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

73.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

74.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

75.     Defendants operate various full-service restaurants and bars under the umbrella of Triyar Entertainment Group.  The website for Triyar Entertainment Group lists their concepts, including Shade at W Scottsdale, Maya Day + Nightclub, The District, and Dakota.  Plaintiff has attached a screen shot of the website for Triyar Entertainment Group as "**Exhibit B.**"

76.     Defendants share employees, have a common management, have a common ownership, pool their resources, operate from the same headquarters, and share common statutory agents. This group of full service restaurants and bars exist under the control and direction of Defendants.

**FACTUAL ALLEGATIONS**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendants own and/or operate as Dakota, Maya Day + Nightclub, The District, and Shade at W Scottsdale, enterprises located in Maricopa County, Arizona.

79.     Dakota, Maya Day + Nightclub, The District, and Shade at W Scottsdale are enterprises that are bars and restaurants that serve food and drinks to customers.

80.     On approximately April 1, 2013, Plaintiff began employment with Defendants as a barback and bartender, performing various repetitive tasks such as serving drinks and food to customers, cleaning, bussing tables, and other side work.

81.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiff was paid as a tipped employee, Defendants imposed a tip credit upon Plaintiff's wages at below the applicable minimum wage.

82.     Throughout the duration of his employment, Plaintiff was paid a rate of the applicable Arizona minimum wage less a tip credit of approximately $3.00 per hour.

83.     As a result of Defendants' imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

84.     Defendants engaged in the regular policy and practice of not allowing Plaintiff and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiff and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as managers, in violation of 29 U.S.C. § 203(m). Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's and Collective

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Members' wages, and the manner in which Defendants paid Plaintiff and the Collective Members violated 29 U.S.C. § 206(a).

85.     Specifically, Defendants had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to collectively pool all tips they earned after every shift.

86.     Defendants divided these pooled tips between and among front of house ("FOH") employees, such as servers, bartenders, bussers, and hosts, and non-tipped back managers. *Id.*

87.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at each and every one of Defendants' establishments to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including managers. *Id.*

88.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at Dakota to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including managers.

89.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at Maya Day + Nightclub to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including managers.

90.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at The District to contribute tips

they earned into a pool that included employees who did not customarily and regularly receive tips, including managers.

91.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at Shade at W Scottsdale to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including managers.

92.     Defendants' policy and practice of requiring Plaintiff and the Collective Members to pool tips with BOH employees violated 29 U.S.C. § 203(m) such that Defendants were prohibited from exercising any tip credit whatsoever against Plaintiff's and the Collective Members' wages at all material times, and the manner in which Defendants paid Plaintiff and the Collective Members therefore violated 29 U.S.C. § 206(a).

93.     Therefore, in a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff worked for Defendants and was not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

94.     Defendants did not notify Plaintiff or the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to taking the tip credit or at any time throughout the duration of their employment with Defendants.

95.     Defendants did not provide written notice to Plaintiff or the Collective Members prior to exercising the tip credit.

96.     As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages under Federal law, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff for all time Plaintiff and the Collective Members,

worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

97.     Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

98.     Plaintiff believes and therefore claims that Defendants subjected each and every server and bartender that they employed, including Plaintiff and the Collective Members, to its policy and specific course of conduct of not informing their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations.

99.     Plaintiff believes and therefore claims that Defendants subjected each and every server and bartender that they employed, including Plaintiff and the Collective Members, to their policy and specific course of conduct of not providing written notice to Plaintiffs or the Collective Members prior to exercising the tip credit.

100.     Defendants engaged in the regular policy and practice of requiring Plaintiff and the Collective Members to work in excess of 40 hours in a given workweek without compensating them at a rate of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

101.     Plaintiff and the Collective Members routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during their employment with Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

102.    Specifically, Plaintiff and the Collective Members routinely worked in excess of 40 hours per week such that their time clock report would reflect working such hours.  Defendants would deduct overtime hours from Plaintiff's and Collective Members' pay checks, such that Defendants did not compensate Plaintiff and Collective Members any wage whatsoever for hours worked in excess of 40 hours per week.

103.    In a given workweek, and during each and every workweek, if Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked in excess of 40 hours per week without being compensated at one and one-half times their regular rates of pay for such time worked.

104.    Defendants' failure to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week violated 29 U.S.C. § 207.

105.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were award of the FLSA and Arizona minimum wage and overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

106.    Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

107.    Plaintiff and the Collective Members were non-exempt employees.

108.    Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

-21-

109.    Defendants wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members worked for Defendants.

110.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

111.    Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages and overtime wages, an additional amount equal amount as liquidated damages, all tips contributed to the tip pool, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

112.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113.    Plaintiff bring this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current or former servers and bartenders of Defendants.

114.    At all times material, Defendants paid Plaintiff and the Collective Members at a rate of less than the full, applicable Arizona and federal minimum wage.

115.    Defendants subjected Plaintiff and the Collective Members to their policy and practice of requiring participation in a tip pool that included employees, staff, and/or managers who do not customarily and regularly receive tips in a given workweek and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

during each and every workweek that Plaintiffs and the Collective Members worked for Defendants, in violation of 29 U.S.C. § 206(a).

116. Defendants did not inform Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages, in violation of 29 U.S.C. § 206(a).

117. Defendants required Plaintiff and the Collective Members to work in excess of 40 hours in a given workweek without compensating Plaintiff and the Collective Members at a rate of one and one-half times their regular rate of pay for such hours worked, in violation of 29 U.S.C. § 207.

118. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of requiring participation in a tip pool that included employees, staff, and/or managers who do not customarily and regularly receive tips.

119. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully not informing Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

120.   At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully requiring Plaintiff and the Collective Members to work in excess of 40 hours in a given workweek without compensating Plaintiff and the Collective Members at a rate of one and one-half times their regular rates of pay for such hours worked.

121.   Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

122.   Plaintiff and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Defendants.

123.   In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members, pursuant to Defendants' policy and practice, contributed a portion of their tips to employees who do not customarily and regularly receive tips–namely, managers.

124.   Additionally, Defendants did not inform Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations at any time prior to taking the tip credit and at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's or the Collective Members' wages and, consequently, paid Plaintiff and the Collective Members less than the applicable minimum wage, in violation of 29 U.S.C. §

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

206. Defendants should have therefore paid the full applicable, Arizona minimum wage to Plaintiff and the Collective Members for all time that they worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

125.    Defendants did not inform Plaintiff and the Collective Members of the amount of cash wage the Defendants were paying Plaintiff and the Collective Members.

126.    Defendants did not inform Plaintiff and the Collective Members of the additional amount claimed by Defendants as a tip credit.

127.    Defendants did not inform Plaintiff and the Collective Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiff and the Collective Members.

128.    Defendants did not inform Plaintiff and the Collective Members that all tips received by Plaintiff and the Collective Members were to be retained by Plaintiff and the Collective Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

129.    Defendants did not inform Plaintiff and the Collective Members that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

130.    In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members, pursuant to Defendants' policy and practice, worked in excess of 40 hours per

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

week and were not compensated at a rate of one and one-half times their regular rate of pay for such hours worked, in violation of 29 U.S.C. § 207.

131.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

132.    Defendants' failure to pay minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

133.    While Plaintiff and Defendants have described Plaintiff's and the Collective Members' job titles as servers and bartenders, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

134.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper minimum wage and overtime compensation for all hours worked in a given workweek.

135.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

136.    As such, Plaintiff brings his FLSA minimum wage and overtime claims as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former servers and bartenders who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

137.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

138.    Defendants are aware or should have been aware that federal law prohibited them from requiring their servers and bartenders–namely, Plaintiff and the Collective Members–to share their tips with employees who do not customarily and regularly receive tips.

139.    Defendants are aware or should have been aware that federal law required them to inform their servers and bartenders–namely, Plaintiff and the Collective Members–of the tip credit provisions of the FLSA, 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages.

140.    Defendants are aware or should have been aware that federal law required them to compensate their servers and bartenders–namely, Plaintiff and the Collective Members–at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per week.

141.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

142.    This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

143.    Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated

employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

144.    Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## DAMAGES

145.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

146.    Plaintiff and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

147.    Plaintiff and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the Arizona mandated minimum wage rate.

148.    Plaintiff and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the applicable minimum wage rate.

149.    Plaintiff and the Collective Members are entitled to recover all tips that Defendants improperly required them to contribute into a pool that contained employees who do not customarily and regularly receive tips.

150.    Plaintiff and the Collective Members are entitled to recover compensation for all hours worked in excess of 40 hours in a given workweek for which Plaintiff and the Collective Members were not compensated at a rate of one and one-half times their regular rate of pay.

151.    Plaintiff and the Collective Members are entitled to recover compensation for all hours worked in excess of 40 hours in a given workweek for which Plaintiff and the Collective Members were not compensated any wage whatsoever.

152.    Plaintiff and the Collective Members are entitled to recover compensation for all hours worked for which they were not paid all wages due and owing.

153.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

154.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## ILLEGAL TIP POOL AND TIP RETENTION

155.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

156.    Defendants engaged in the regular policy and practice of not allowing Plaintiff and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiff and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such managers.

157.   Defendants engaged in such conduct in direct violation of 29 U.S.C. § 203(m).

158.   Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's and Collective Members' wages, and the manner in which Defendants paid Plaintiff and the Collective Members violated 29 U.S.C. § 206(a).

159.   Defendants therefore did not pay Plaintiff and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

160.   As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

161.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members the full minimum wage as a result of improperly requiring Plaintiffs and the Collective Members to participate in an illegal tip pooling arrangement and retaining Plaintiff's and the Collective Members' tips and over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

162.   Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal

amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, James Bourlier, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

    ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.    For the Court to award damages in the amounts of all tips contributed to the improper tip pooling arrangement that included employees who do not customarily and regularly receive tips;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.     Such other relief as this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE TIP CREDIT NOTICE

163.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

164.    Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

165.    Defendants therefore did not pay Plaintiff and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

166.    As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

167.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

168.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, James Bourlier, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

    ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover

-33-

wages for the Collective Members and for the risks they took in doing so; and

F.      Such other relief as this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT FAILURE TO PAY PROPER OVERTIME RATE

169.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

170.    Plaintiff and the Collective Members were non-exempt employees entitled to statutorily mandated overtime wages.

171.    In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

172.    As a result of Defendants' failure to pay Plaintiff and the Collective Members one and one-half times their regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff and the Collective Members the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

173.    As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime rate for all hours worked, Defendants violated the FLSA.

174.    As such, the full applicable overtime rate is owed for all hours that Plaintiff and Collective Members worked in excess of 40 hours per week.

175.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would

violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

176.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff and the Collective Members spent working for Defendants.

177.    Plaintiff and the Collective Members are therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, James Bourlier, individually, respectfully requests that this Court grant the following relief in Plaintiff James Bourlier's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest;

-35-

D.     For the Court to award Plaintiff a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

E.     Such other relief as this Court shall deem just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of December, 2018.

BENDAU & BENDAU PLLC

By: /s/ Christopher Bendau
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*