Kami M. Hoskins (SBN: 026271)
khoskins@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2468
Facsimile: (602) 265-4716
*Attorneys for Defendants*
*TYC, LLC, Dakota Scottsdale LLC,*
*Scottsdale Beach Club, LLC, Triyar Beach Club LLC,*
*Triyar Entertainment Scottsdale I LLC,*
*Shawn Yari and Jane Doe Yari, Steven Yari*
*and Jane Doe Yari II, Jason Adler and Jane Doe Adler,*
*Adam Warrender and Jane Doe Warrender, and*
*Dawn Accardo and John Doe Accardo*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Bourlier, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TYC, LLC, an Arizona limited liability company; Dakota Scottsdale LLC, an Arizona limited liability company, Scottsdale Beach Club, LLC, an Arizona limited liability company; Triyar Beach Club LLC, an Arizona limited liability company, Triyar Entertainment Scottsdale I LLC, an Arizona limited liability company; Shawn Yari and Jane Doe Yari, individuals; Steven Yari and Jane Doe Yari II, individuals, Bob Agahl and Jane Doe Agahl, individuals; Jason Adler and Jane Doe Adler, individuals; Adam Warrender and Jane Doe Warrender, individuals; and Dawn Accardo and John Doe Accardo, individuals, <br><br> Defendants. | Case No. 2:18-cv-04548-DWL <br><br><br> **MOTION TO CONSOLIDATE** |

Defendants TYC, LLC, Dakota Scottsdale LLC, Scottsdale Beach Club, LLC, Triyar Beach Club LLC, Triyar Entertainment Scottsdale I LLC, Shawn Yari and Jane Doe Yari, Steven Yari and Jane Doe Yari II, Jason Adler and Jane Doe Adler, Adam Warrender and Jane Doe Warrender, and Dawn Accardo and John Doe Accardo

(collectively, "Defendants"), by and through their undersigned counsel, pursuant to FED. R. CIV. P. 42(a)(2) and LRCiv 42.1(b) hereby move to consolidate the above-captioned case with Case No. 2:18-cv-04684-JJT presently pending in this District. Plaintiff James Bourlier ("Plaintiff") filed both cases against multiple corporate and individual defendants alleging wage and hour claims under federal and Arizona law arising out of his employment at Dakota, a Scottsdale bar. The cases involve common questions of law and fact and are properly consolidated. Defendants support the Motion with the following Memorandum of Points and Authorities and all matters of record, which are incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff filed the above-captioned case on December 7, 2018 alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") and the Arizona Minimum Wage Act, A.R.S. § 23-364(B). Plaintiff named the following 17 defendants: (i) TYC, LLC: (ii) Dakota Scottsdale LLC; (iii) Scottsdale Beach Club, LLC; (iv) Triyar Beach Club LLC; (v) Triyar Entertainment Scottsdale I LLC; (vi) Shawn Yari and Jane Doe Yari; (vii) Steven Yari and Jane Doe Yari; (viii) Bob Agahl and Jane Doe Agahl; (ix) Jason Adler and Jane Doe Adler; (x) Adam Warrender and Jane Doe Warrender; and (xi) Dawn Accardo and John Doe Accardo.

Through the *Complaint* [Doc. No. 1], Plaintiff makes the following allegations of fact and law. First, Defendants employed him. *See Complaint* at ¶ 72. Second, Defendants violated FLSA by improperly distributing tips. *Id*. at ¶ 73. Third, he "is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs." *Id*. at ¶ 93.

On December 14, 2018, Plaintiff filed the *Plaintiff's Collective Action Complaint Pursuant to 29 U.S.C. § 201 et seq*. (the "Collective Action Complaint") alleging claims under the FLSA on behalf of himself and purportedly on behalf of similarly situated

others.[1]  A true and correct copy of the Collective Action Complaint is attached hereto as **Exhibit A**.  That case is presently pending before Hon. John J. Tuchi under Case No. 2:18-cv-04684-JJT (the "Putative Collective Action").  In that action, Plaintiff named the following 11 defendants: (i) TYC, LLC; (ii) Dakota Scottsdale, LLC; (iii) Scottsdale Beach Club, LLC; (iv) Triyar Beach Club LLC; (v) Triyar Entertainment Scottsdale I LLC; (vi) Shawn Yari and Jane Doe Yari; (vii) Steven Yari and Jane Doe Yari; and (viii) Bob Agahl and Jane Doe Agahl.  Each of these defendants is also named in the above-captioned action.

Through the Putative Collective Action, Plaintiff makes the following allegations of fact and law.  First, Defendants employed him.  *See* Collective Action Complaint at ¶ 30.  Second, Defendants violated FLSA by not allowing him to keep tips.  *Id*. at ¶ 84.  Third, he is "entitled to recover from Defendants compensation for unpaid minimum wages and overtime wages, an additional amount equal amount as liquidated damages, all tips contributed to the tip pool, interest, and reasonable attorney's fees and costs."  *Id*. at ¶ 111. The Complaint and the Collective Action Complaint contain numerous additional common allegations of fact and law.

## II.    LEGAL ARGUMENT.

Defendants bring this Motion to consolidate the above-captioned action with the Putative Collective Action because the cases involve multiple common questions of law and fact.  A district court may consolidate actions before it that "involve a common question of law or fact."  *See* FED. R. CIV. P. 42(a)(2).  The district court has "broad discretion" under Rule 42(a) to consolidate cases pending in the same district.  *See Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist*., 877 F.2d 777 (9th Cir. 1989).  A district court's decision to consolidate multiple federal actions is reviewed for an abuse of discretion.  *See Owen v. Labor Ready, Inc*., 146 Fed.Appx. 139, 141 (9th Cir. 2005) (affirming district court's decision to consolidate two FLSA cases filed by different

---

[1] Notably, Plaintiff did not disclose in the Putative Collective Action that he filed the above-captioned action, thereby necessitating this Motion.

plaintiffs).

Plaintiff brings the above-captioned action and the Putative Collective Action based on the same fundamental dispute. Namely, Plaintiff believes he is owed wages and tips from his employment with the named defendants in violation of the FLSA. Plaintiff alleges additional claims in the above-captioned action under FLSA and Arizona law. Nevertheless, his principal complaint in both cases appears to be that he earned wages and tips working as a bartender and bar-back, which he alleges he did not receive.

In addition to involving a common fundamental dispute of law and facts, consolidation is also appropriate because there is commonality among the parties to the actions. Plaintiff is the only plaintiff in the above-captioned action, and he asserts himself as the putative collective representative in the Putative Collective Action. Likewise, all 11 defendants Plaintiff named in the Putative Collective Action, he also named in the above-captioned action.

Further, consolidation is warranted because Plaintiff apparently seeks recovery of certain of the same alleged damages in both actions. Specifically, Plaintiff seeks recovery of alleged "unpaid minimum wages," "liquidated damages," "interest," and "reasonable attorneys' fees" in both cases. *See* Complaint at ¶ 93; *see also* Collective Action Complaint at ¶ 111. Plaintiff is not entitled to double recovery of alleged damages.

Moreover, if the cases are not consolidated, there are risks of disparate outcomes and an inefficient use or misuse of judicial resources. Although both actions are based on the same fundamental dispute, Plaintiff seeks a jury trial in each case. Absent consolidation, the juries could reach differing conclusions on liability and damages. Additionally, the courts should not be required to expend resources on two jury trials arising out of one dispute. Finally, Defendants should not be forced to litigate the same case in two different courts. To do so, greatly increases the financial burden on Defendants and is inequitable. For the above-stated reasons, Defendants believe consolidation is appropriate.

### III.  CONCLUSION.

Based on the foregoing, Defendants respectfully request the Court enter an Order: (i) consolidating the above-captioned case with the Putative Collective Action, Case No. 2:18-cv-04684-JJT under F ED. R. C IV. P. 42(a)(2) and LRCiv 42.1(b); and (ii) granting Defendants such other and further relief as is just and appropriate under the facts and circumstances.  A proposed form of Order granting the Motion is attached hereto as **Exhibit B**.

RESPECTFULLY SUBMITTED this 12th day of February, 2019.

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Kami M. Hoskins
Kami M. Hoskins
*Attorneys for Defendants TYC, LLC, Dakota Scottsdale LLC, Scottsdale Beach Club, LLC, Triyar Beach Club LLC, Triyar Entertainment Scottsdale I LLC, Shawn Yari and Jane Doe Yari, Steven Yari and Jane Doe Yari II, Jason Adler and Jane Doe Adler, Adam Warrender and Jane Doe Warrender, and Dawn Accardo and John Doe Accardo*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II, Esq.
Christopher J. Bendau, Esq.
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060
cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

/s/ Kimberly Davison